UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STELLA PRICE, et al.,

    Plaintiffs,

v.                                Case No. 8:17-cv-1075-T-33TBM

FEDERAL EXPRESS CORP., et al.,

    Defendants.
_____/

## ORDER

This matter comes before the Court sua sponte. On April 17, 2017, Plaintiffs filed an action against Defendants in state court for damages resulting from an auto accident. (Doc. # 2). Thereafter, Defendants removed the action to this Court on the basis of diversity jurisdiction. (Doc. # 1). For the reasons below, the action is remanded.

## Discussion

When jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332(a) requires among other things that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at

the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The Complaint alleges an unspecified amount in damages. (Doc. # 2 at ¶ 1). In their Notice of Removal, Defendants rely on the various types of damages alleged and the fact that Plaintiffs made a pre-suit demand for $250,000. (Doc. # 1 at ¶¶ 16-17). While the Complaint does contain a litany of types of damages, e.g. pain and suffering, those allegations are simply too nebulous to support finding the amount in controversy exceeds $75,000. To be sure, there are no facts in the record demonstrating how Plaintiffs' claimed types of damages equal an amount above the jurisdictional threshold. See Green v. Travelers Indem. Co., No. 3:11-cv-922-J-37TEM, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 8, 2011) ("mere allegation[] of severe injuries [is] insufficient to establish the amount in controversy") (citation omitted).

Furthermore, although the pre-suit demand letter asks for $250,000, the letter indicates that, as of the date it was prepared, only $25,867.20 in medical expenses were

incurred. (Doc. # 1-7 at 11). After reviewing the demand letter, the Court determines the demand is mere puffery or posturing. And when a pre-suit demand is "nothing more than posturing by plaintiff's counsel for settlement purposes," it "cannot be considered a reliable indicator of the damages plaintiff is seeking." Standridge v. Wal–Mart Stores, Inc., 945 F. Supp. 252, 256 (N.D. Ga. 1996). Because the demand letter is mere posturing, "it is insufficient to prove by a preponderance of the evidence that the amount in controversy meets or exceeds $75,000." Jenkins v. Myers, No. 8:16-cv-344-T-17EAJ, 2016 WL 4059249, at *4 (M.D. Fla. July 27, 2016).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The action is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, for lack of subject-matter jurisdiction.

(2) Once remanded is effected, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of May, 2017.

_/s/ Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

3